UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Kevin HACKETT, plaintiff,                    :
                                             :
v.                                           :    No. 3:03cv395 (JBA)
                                             :
Eileen STOREY, Edward BLANCHETTE,            :
    Anne FLITCRAFT, Jacqueline               :
    HARRIS, Timothy SILVIS, and              :
    Robert TRESTMAN, defendants.             :

**Ruling on Plaintiff's Motions to Extend Time to File a Notice of
Appeal [Docs. ## 30, 34], Motions for Appointment of Counsel
[Docs. ## 33, 35, 36], Motion to Amend Motions for Appointment of
Counsel [Doc. #40], and Motion to Withdraw Motions for
Appointment of Counsel [Doc. #43]**

By ruling docketed December 31, 2003, the Court granted

defendants' motion to dismiss plaintiff's second amended

complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Ruling [Doc.

#28]. In a separate document, judgment was entered in favor of

defendants on the same day. See Judgment [Doc. #29]. Plaintiff

had thirty days after December 31, 2003 - until January 30, 2004

- to file his notice of appeal with the clerk of this Court. See

Fed. R. Appellate P. 4(a)(1)(A);[1] 4(a)(7)(A)(ii).[2] Plaintiff,

acting pro se for purposes of appealing the Court's ruling,

mistakenly filed his notice of appeal with the clerk of the

---

[1] "In a civil case, ..., the notice of appeal ... must be filed with the
district clerk within 30 days after the judgment or order appealed from is
entered."

[2] "A judgment or order is entered for purposes of this Rule 4(a): ...
(ii) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document,
when the judgment or order is entered in the civil docket under Federal Rule
of Civil Procedure 79(a) and when the earlier of these events occurs: the
judgment or order is set forth on a separate document...."

1

Second Circuit Court of Appeals on January 29, 2004.  Pursuant to Fed. R. Appellate P. 4(d),[3] plaintiff's appeal is thus timely.[4] Accordingly, plaintiff's motions for extension of time [Docs. ##30, 34] are DENIED as moot.[5]

In addition, there are also docketed three motions for appointment of counsel [Docs. ##33, 35, 36], and a motion to amend them [Doc. #40] to include consideration of an attached letter from a legal services organization informing plaintiff that it could not take his appeal.  On April 8, 2004, plaintiff filed a motion to withdraw his motions for appointment of counsel [Doc. #43], indicating no continued need because "the case has been docketed in the U.S. Court of Appeals...."  Motion [Doc. #43] at 2 (unnumbered).  It is not clear whether this statement indicates the plaintiff merely sought counsel for assistance on his perceived untimely notice of appeal or that plaintiff now

---

[3] "If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."

[4] The Court ascertained the date of plaintiff's mistaken filing by calling the clerk of the Second Circuit.  The clerk confirmed that Hackett's notice of appeal had been received by the Second Circuit on January 29, 2004, and that, per usual procedure, it was forwarded as an enclosure to the Second Circuit's standard 4(d) letter to this Court.  For reasons unknown to the Court, the Second Circuit's 4(d) letter does not appear to have been received by the clerk of this Court, and thus was not docketed.  The Court requested and received by facsimile a copy of the original 4(d) letter, in which it is stated that Hackett's enclosed notice of appeal was received on January 29, 2004.  For convenience purposes, the Court attaches to this order a copy of the faxed 4(d) letter and enclosed notice of appeal along with the facsimile transmission cover sheet.

[5] Plaintiff's second notice of appeal filed with this Court on February 13, 2004 is superfluous.

2

believes he need do nothing more to prosecute his appeal.

Whatever may be his reason, plaintiff has requested withdrawal of

his motions for appointment of counsel [Doc. #43], which is

GRANTED.  His motions for appointment of counsel and his motion

to amend the motions for appointment of counsel [Docs. ##33, 35,

36, 40] are hereby terminated.


                    IT IS SO ORDERED.


                    _____
                    Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut, this 23 day of April, 2004.


                              3